## AVERY vs. BUTTERS.

*Secondary evidence* will not be received to prove the *local limits* of a militia company until after proof of inability to produce the *best* evidence thereof, to wit, *the record of the assignment by the Governor and Council.*

THIS was an action of debt, brought by the plaintiff as clerk of a militia company, to recover a penalty alleged to have been incurred by the defendant, by neglecting to attend a company training. It was originally tried before a Justice of the Peace, and brought into this Court by exceptions to his ruling — the exceptions having been sustained, a new trial was ordered in this Court.

The plaintiff, to prove the bounds of the company, offered the captain's commission and much other evidence of a secondary character, which was objected to by the defendant's counsel, and ruled to be inadmissible by *Weston J.* the presiding Judge. Whereupon a nonsuit by consent was entered, which was to stand, or be taken off and a new trial ordered, according to the opinion of the whole Court upon the correctness of the foregoing ruling.

*J. Appleton,* for the plaintiff, contended, that by *Statute, ch.* 567, *sec.* 4, the commission of the captain was made sufficient evidence of the point here proposed to be proved. This statute applies as well to cases existing before, as to those occurring after its passage. *Bacon* v. *Callender,* 6 *Mass.* 303.

The other evidence offered in the case was also sufficient to prove the existence and bounds of the company. 4 *Mass.* 140 ; 5 *Mass.* 553.

*Kent,* for the defendant, cited *Kirwan* v. *Cockburn,* 5 *Esp.* 233 ; *Sawtel* v, *Davis,* 5 *Greenl.* 438.

PARRIS J. — It was incumbent on the plaintiff to prove that the defendant was liable to perform military duty, in the company of which the plaintiff claims to be clerk. To do this, he must necessarily shew that the defendant resided within the bounds of that company. The statute of 1832, *chap.* 45, *sect.* 4, provides that the commission of the captain or commanding officer of any company, shall in all actions for the recovery of fines, &c. be deemed sufficient evidence of the *organization* of such company. But the commission cannot afford any proof of the *extent* or *lim-*

*its* of the company. It contains no description of bounds or monuments; and from it nothing can be determined as to the extent of the authority which it purports to confer. That must necessarily be shown by other proof. *Whitmore* v. *Sanborn,* 8 *Greenl.* 310. Suppose a case :— a commission is produced appointing an individual captain of the south company in *Bangor.* Will not the clerk of that company, in prosecuting for a fine, be required to prove the limits of the south company in *Bangor,* and that the person prosecuted resided within those limits, and was liable to enrolment ? Most clearly he will. But the captain's commission will not advance him one step in such proof. He must rely upon evidence of a more certain and definite character; and in conformity with general principles, will be required to exhibit the best, which the nature of the case will admit of. And what is that ? A copy, properly authenticated, of the record of the doings of the Governor and Council, by which the company was formed and its local limits prescribed. This, according to well established principles, is indispensable, unless it be first shown that there is no such record to be found. That record is presumed to be in the archives of *Massachusetts.* A copy of it was, no doubt, regularly transmitted through the several grades of division, brigade and regiment, at the time of the organization of the company, and ought now to be on the records and files of each. From the evidence in the case there is reason for believing that it cannot be found except on the original record in *Massachusetts.* No search has been made there ; no diligence used to procure a copy from thence, or to ascertain whether there be any original record of the establishment of this company in existence. The presumption is, that an examination in either of the offices of the Secretary or Adjutant General of *Massachusetts,* would, at once, have put at rest this question relative to the bounds of the company. If there be a record, as there probably is, that must and ought to govern. If the record be lost by time or accident, the secondary evidence, which, in this case, is very strong, would be admissible. But however convincing the secondary evidence may be, it cannot be received, it ought not to be heard, unless it be first shown that the record evidence cannot be obtained. The landmarks of the law must be preserved ; and

although this is not a case of great magnitude, still the conse-quence of disturbing a legal principle, so wholesome and well settled as the one we are now applying, might be most disastrous. We have not been referred to any case, neither have we been able to find any, where evidence of an inferior nature, which supposes evidence of a higher nature in existence and which may be had, has been admitted; but on the contrary, the cases are numerous and uniform where such inferior evidence has been excluded until it was shown that the higher evidence could not be obtained. *Sevey's case*, 6 *Greenl.* 118, and *Battles* v. *Holley, ibid.* 145, are both cor-roborative of this principle, as, in each, the inferior evidence was ad-mitted on the ground that the record evidence could not be procur-ed. See also, 1 *Phil. Ev.* 177 ; 3 *Stark. Ev.* 1163 ; *Rhind* v. *Wilkinson*, 2 *Taunt.* 237. In *Dillingham* v. *Snow, 3 Mass.* 276, where secondary evidence of the existence of a parish had been re-ceived, the Court say, " If *better* evidence of the existence of the North Parish, and of the plaintiff's relation to it, *were not to be had,* the proof relied on by the defendants, was legal and suffi-cient. But it is not necessary to decide conclusively on this part of the case, because in the event of a new trial, the plaintiff may have the benefit of his objection." A new trial was ordered, and the defendants, in order to lay the foundation for secondary evi-dence of the existence of the Parish, proved by a certificate from the Secretary of the Commonwealth, that no act of incor-poration could be found. The Court charged the jury, that the best evidence had been offered, which the nature and circumstan-ces of the case would admit, if no act of incorporation by the Legislature could be found, and that the questions of fact, for them to find, were, whether there was a Parish, and whether the plaintiff was proved to be an inhabitant within the bounds of it. Upon this ruling and charge, *Parsons C. J.* in giving the opinion of the whole Court, says, " It appearing from the regular evi-dence that *no act of incorporation could be found,* the Judge very properly, in our opinion, permitted the defendants to prove a Parish by reputation." 5 *Mass.* 552. In *Stockbridge* v. *West Stockbridge*, 12 *Mass.* 400, it became material to prove the incorporation of the latter town. The Court say, " records, generally, are to be proved by inspection, or by copies properly

authenticated ; but *if there be sufficient proof of the loss or destruction of a record,* much inferior evidence of its contents may be admitted.   The act of incorporation is not to be found, nor can any record relating to it be discovered in the Secretary's office.   From the facts, however, the presumption is violent that the town has been regularly incorporated, and that the record has been in some way lost or destroyed.   *This then being satisfactorily proved,* secondary evidence of the incorporation of the town is clearly admissible by the rules of evidence."

The original record of the establishment of this company is presumed to be in the office of the Secretary of the *Commonwealth of Massachusetts.*   The company could not have been legally organized previous to 1820, except under the authority of the Governor and Council of that State.   The proceedings of that body, in such cases, are duly recorded by the Secretary, and there is no reason for believing that this record has been lost or destroyed.   In addition to this, the Secretary furnishes the Adjutant General with an attested copy of this record, which becomes matter of record in his office, and on which is predicated the general order for carrying the doings of the Governor and Council into effect.   Here, then, are two public offices, in each of which the record of the establishment of this company is presumed to be deposited, and neither of which have been examined, nor does it appear that any application has been made to either for an authenticated copy.   Under such circumstances, we think the secondary evidence is not admissible.